IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



**FILED**

DEC 0 2 2014

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, an Indiana corporation; AMERICAN STATES INSURANCE COMPANY, an Indiana corporation; and GENERAL INSURANCE COMPANY OF AMERICA, a New Hampshire corporation, | CV 14-09-BLG-SPW<br><br>OPINION AND ORDER |
| Plaintiffs, | |
| vs. | |
| ASPEN WAY ENTERPRISES, INC., d/b/a Aaron's Sales and Leasing, a Montana corporation; and HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, | |
| Defendants. | |
| HARTFORD FIRE INSURANCE COMPANY, | |
| Counterclaimant and Crossclaim Plaintiff, | |
| vs. | |
| AMERICAN ECONOMY INSURANCE COMPANY; AMERICAN STATES INSURANCE COMPANY; GENERAL INSURANCE COMPANY OF AMERICAN; and ASPEN WAY ENTERPRISES, INC., | |
| Counterclaim and Crossclaim Defendants. | |

1

ASPEN WAY ENTERPRISES, INC., d/b/a
Aaron's Sales and Leasing,

                         Cross-Claimant,

vs.

HARTFORD FIRE INSURANCE
COMPANY,

                         Cross-Defendant.

Before the Court is Aspen Way Enterprises, Inc.'s ("Aspen Way") Motion

for Abstention and Dismissal.  In its motion, Aspen Way urges the Court to

exercise the discretion afforded to it under the Declaratory Judgement Act and

dismiss this case.  American Economy Insurance Co., American States Insurance

Co., and General Insurance Co. (collectively "Plaintiff-Insurers") and Hartford Fire

Insurance Co. ("Hartford Fire" or collectively with the Plaintiff-Insurers as

"Insurers") oppose the motion.  Because independent monetary claims preclude

this Court from exercising its discretion, the Court denies the motion.

## I. Background

Aspen Way is Aaron's Inc.'s franchisee and operates rent-to-own stores in

Montana, Washington, Colorado, Wyoming, and Idaho.  (Doc. 1 at 2).  Aspen Way

is defending two separate underlying actions related to Aaron's installation of

software called PC Rental Agent onto computers sold or rented to customers.

(Doc. 32 at 2-3).  PC Rental Agent allegedly allowed Aaron's franchisees to

2

"remotely and surreptitiously access, monitor, intercept, and/or transmit personal information from purchased or rented computers." (Doc. 1 at 7). The franchisees could use PC Rental Agent on purchased or rented computers to secretly take photographs with webcams, capture keystrokes, and take screen shots. (*Id.*).

The first underlying case is a class action against, among other franchisees, Aspen Way in the United States District Court for the Western District of Pennsylvania ("Byrd Action"). (Doc. 33 at 3). On March 31, 2014, the District Court dismissed some counts and denied class certification. (*Id.* at 4). The sole remaining allegation against Aspen Way is under the Electronic Communications Privacy Act, 18 U.S.C. § 2511. (*Id.*) The Byrd Action is currently stayed pending appeal to the Third Circuit. (*Id.*; *see also Byrd v. Aaron's, Inc., et al.*, 1:11-cv-00101-CB-SPB (W.D. Pa. June 20, 2014) (Doc. 361)). The second action is a lawsuit brought by the State of Washington against Aspen Way ("Washington Action"). (Doc. 33 at 4). The state filed the case in October 2013 before a Washington state court. (Doc. 33 at 4). In the Washington Action, the state alleges that the installation of PC Rental Agent violated several provisions of Washington law. (*Id.* at 5).

The Insurers insured Aspen Way when it used PC Rental Agent. (Doc. 1 at 2-3; Doc. 18 at 9). Aspen Way provided notice of the claims to the Insurers for both the Byrd and Washington Actions. The Insurers accepted Aspen Way's

3

defense under a complete reservation of rights for the Byrd Action.[1]  (Doc. 1 at 9;

Doc. 18 at 13-14).  The Plaintiff-Insurers accepted the defense under a reservation

of rights for the Washington Action, while Hartford Fire denied coverage entirely.

(Doc. 1 at 11; Doc. 18 at 16).

The Plaintiff-Insurers filed the instant action and named Aspen Way and

Hartford Fire as defendants.  They seek a declaratory judgment that they do not

owe a duty to defend or indemnify Aspen Way in the Byrd and Washington

Actions.  (Doc. 1 at 32-33).  The Plaintiff-Insurers further seek reimbursement

from Aspen Way for money they already have expended defending the underlying

actions.  (Id. at 32.)  The Plaintiff-Insurers also want the reformation of alleged

clerical errors contained in several policies.  (Id. at 38).

Aspen Way counterclaims and seeks a declaration that the Plaintiff-Insurers

owe it a duty to defend and indemnify.  (Doc. 12 at 20).  Further, Aspen Way

brings two causes of action against the Plaintiff-Insurers: (1) Claims under the

Unfair Trade Practices Act ("UTPA"); and (2) Breach of contract claims.  (Doc. 12

at 25-28).  Hartford Fire crossclaims against Aspen Way and seeks the same

declaration sought by the Plaintiff-Insurers.  (Doc. 18 at 26-27).  Aspen Way

crossclaims against Hartford Fire for violating the UTPA and breaching its

contracts.  (Doc. 19 at 20-22).

---

[1] For simplicity's sake, the Court lumps all Insureds together.  However, not every
Insurer responded to each tender of claims.  See Doc. 1 at 9, 11.

Aspen Way has moved this Court to dismiss this case. Aspen Way argues that since the Insurers have elected to proceed under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), this Court should exercise discretion and dismiss the case.

## II. Analysis

The Declaratory Judgment Act affords federal courts "substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Even if the district court has both personal and subject matter jurisdiction, it may decline to consider a declaratory judgment action. *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999). However, when a declaratory judgment claim is coupled with an independent cause of action, the Declaratory Judgment Act's grant of discretion does not apply. *Snodgrass v. Provident Life and Acc. Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998). *See also Govt. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) ("[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief."). Federal courts have a "virtually unflagging obligation" to exercise jurisdiction over independent monetary claims if the diversity jurisdiction requirements are met.

5

*Dizol* at 1225, n. 6 (internal quotation omitted).  Even if the federal court is asked

to determine major issues of state law, judicial economy favors retention of the

case to avoid piecemeal litigation.  *Id.* at 1225-26.

The test for determining whether the additional claim is independent, and

inappropriate for dismissal, is whether the claim for monetary relief could be

litigated in federal court absent the declaratory judgment action.  *United Nat. Ins.*

*Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001).  "In other words,

the district court should consider whether it has subject matter jurisdiction over the

monetary claim alone, and if so, whether that claim must be joined with one for

declaratory relief."  *Id.*  If the monetary claim could proceed without the request

for declaratory relief, then the court must retain the case.  *Snodgrass*, 147 F.3d at

1167-68.

Here, the parties have asserted monetary claims along with their declaratory

judgment claims.  The Plaintiff-Insurers seek reimbursement for defense costs

expended in the underlying actions.  (Doc. 1 at 32.)  Aspen Way asserts bad faith

and breach of contract claims against the Insurers and seeks both compensatory

and punitive damages.  (Doc. 12 at 25-28; Doc. 19 at 20-22).

### A. The Plaintiff-Insurers' request for reimbursement.

Aspen Way argues that the Plaintiff-Insurers' reimbursement claims are not

independent of their declaratory judgment claims.  Aspen Way is wrong.

6

According to the Ninth Circuit, a claim by an insurance company for
reimbursement of defense costs is an independent cause of action that precludes
dismissal under the Declaratory Judgment Act. *United Nat. Ins. Co.*, 242 F.3d at
1114.

In *United Nat. Ins. Co.*, the plaintiff filed a declaratory judgment action in a
California state court against its insurance company. *Id.* at 1108. The plaintiff
sought a declaration that the insurer owed it a duty to defend and indemnify in an
underlying action. *Id.* After removing the case to federal court, the insurance
company counterclaimed for reimbursement of already expended defense costs.
*Id.* The plaintiff moved the district court to decline jurisdiction under the
Declaratory Judgment Act and remand the case to state court. *Id.* at 1109. The
district court found that the reimbursement claim was a derivative of the
declaratory judgment claim and did not provide a nondiscretionary basis for
jurisdiction. *Id.* As a result, the district court exercised its discretion and
remanded the case. *Id.*

The Ninth Circuit reversed and found that the reimbursement claim was an
independent claim. *Id.* at 1114. The Court noted that an insurance company's
right to seek reimbursement is recognized in California. *Id.* at 1113 (citing *Buss v.
Superior Court*, 939 P.2d 766 (Cal. 1997)). While a reimbursement claim is
usually pled along with a claim for declaratory relief, there is no reason "why a

7

reimbursement claim *must* be joined with a claim for declaratory relief." *Id.* (emphasis in original). An insurer may sue only seeking reimbursement of previously expended defense costs. *Id.* Therefore, the insurer's reimbursement claim was sufficiently independent to trigger mandatory federal jurisdiction. *Id.* at 1115.

Similar to California, Montana recognizes that an insurer may recoup costs expended in defending an underlying action, provided that the insurer defended under a reservation of rights that gave adequate notice of the possibility of reimbursement. *Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 480 (Mont. 2005); *see also Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429, 434 (Mont. 2013) (an "insurer may seek to recover the expenses that the insurer incurred in defending a claim outside of the insured's policy coverage in [a] declaratory judgment action"). Like in *United Nat. Ins. Co.*, the Plaintiff-Insurers' reimbursement claims are stand-alone monetary claims and are thus nondiscretionary bases for jurisdiction. This Court does not have discretion under the Declaratory Judgment Act to dismiss this case.

### B. *Aspen Way's bad faith and breach of contract claims.*

The other claims that eliminate this Court's discretion are Aspen Way's UTPA and breach of contract claims against the Insurers. Generally, district courts should not abstain "when other claims are joined with an action for declaratory

relief (e.g., *bad faith*, *breach of contract*, breach of fiduciary duty, rescission, or claims for other monetary relief)." *Dizol*, 133 F.3d at 1225 (emphasis added). Aspen Way argues that this general rule does not apply because its bad faith and breach of contract claims are compulsory counterclaims and crossclaims.

According to the Ninth Circuit, an independent monetary action asserted as a counterclaim renders the case nondiscretionary. In *Maryland Cas. Co. v. Knight*, an insurer filed a declaratory judgment action against its insured in federal court, and the insured counterclaimed for breach of contract and emotional distress. 96 F.3d 1284, 1287 (9th Cir. 1996). The Court affirmed the district court's refusal to dismiss on the basis that the breach of contract and emotional distress claims formed independent bases for jurisdiction. *Id.* at 1289. The Ninth Circuit has reached the same results in other cases where the only claim for monetary relief in a declaratory judgment action is a counterclaim. *See St. Paul Fire & Marine Ins. Co. v. F.H.*, 117 F.3d 435 (9th Cir. 1997) (overruled on other grounds in *Dizol*); *First State Ins. Co. v. Callan Associates, Inc.*, 113 F.3d 161, 163 (9th Cir. 1997). Aspen Way's counterclaims and crossclaims fall within this mandate.

Aspen Way's citation to *Dragor Ship. Corp. v. Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir. 1967) is inapposite. In *Dragor Ship.*, the Ninth Circuit held that when a party "has no alternative but to submit his compulsory claim against an opposing party, or lose it, his act in asserting it does not constitute a waiver of any

9

jurisdictional defense he previously or concurrently asserts." 378 F.2d at 244.

Despite filing a compulsory counterclaim, the defendant may still argue that the

district court lacked personal jurisdiction. *Id.* at 244-45.   Here, Aspen Way is not

alleging any jurisdictional defects.   The issue is whether this Court has discretion

under the Declaratory Judgment Act to abstain from the case.   This Court does not

have such discretion when independent claims for relief are joined with the

declaratory judgment action.   While the Declaratory Judgment Act does not confer

an absolute right to federal court, the independent monetary claims compel this

Court to retain the case.

## III. Conclusion

This Court does not have discretion under the Declaratory Judgment Act to

dismiss this case.   Accordingly, IT IS HEREBY ORDERED that Aspen Way's

Motion for Abstention and Dismissal (Doc. 34) is DENIED.


DATED the 2nd day of December 2014.


SUSAN P. WATTERS
U.S. DISTRICT JUDGE