IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



**FILED**

DEC 0 2 2014

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, an Indiana corporation; AMERICAN STATES INSURANCE COMPANY, an Indiana corporation; and GENERAL INSURANCE COMPANY OF AMERICA, a New Hampshire corporation, | CV 14-09-BLG-SPW |
| | |
| Plaintiffs, | OPINION AND ORDER |

vs.

ASPEN WAY ENTERPRISES, INC.,
d/b/a Aaron's Sales and Leasing, a
Montana corporation; and HARTFORD
FIRE INSURANCE COMPANY, a
Connecticut corporation,

                        Defendants.

HARTFORD FIRE INSURANCE
COMPANY,

Counterclaimant and Crossclaim Plaintiff,

vs.

AMERICAN ECONOMY INSURANCE
COMPANY; AMERICAN STATES
INSURANCE COMPANY; GENERAL
INSURANCE COMPANY OF
AMERICAN; and ASPEN WAY
ENTERPRISES, INC.,

Counterclaim and Crossclaim Defendants.

1

ASPEN WAY ENTERPRISES, INC., d/b/a
Aaron's Sales and Leasing,

               Cross-Claimant,

vs.

HARTFORD FIRE INSURANCE
COMPANY,

               Cross-Defendant.

Before the Court are two motions. The first is Hartford Casualty Insurance Co.'s ("Hartford Casualty") Motion to Intervene (Doc. 39). The second is Defendant Hartford Fire Insurance Co.'s ("Hartford Fire") Motion for Realignment (Doc. 41). Concerned that the addition of Hartford Casualty may ruin this Court's diversity jurisdiction, Hartford Fire wants to be realigned as a plaintiff alongside the other insurers. Current Plaintiffs American Economy Insurance Co., American States Insurance Co., and General Insurance Co. (collectively "Plaintiff-Insurers") do not object to Hartford Casualty's intervention if the Motion for Realignment is granted. Defendant Aspen Way Enterprises, Inc. ("Aspen Way") does not object to the intervention, but it objects to the proposed realignment. For the following reasons, the Court grants both motions.

## I. Background

The Plaintiff-Insurers brought this action seeking a declaratory judgment that they do not owe a duty to defend and indemnify Aspen Way in two underlying

2

actions and for reimbursement of defense costs already expended.[1]  (Doc. 1 at 31-33).  They also seek reformation of three policies for alleged typographical errors. (*Id*. at 34-38).  Despite also naming Hartford Fire as a defendant, the Plaintiff-Insurers seek declaratory relief only against Aspen Way.

Aspen Way answered the Plaintiff-Insurers' complaint and counterclaimed for various violations of Montana's Unfair Trade Practices Act and breach of contract.  (Doc. 12 at 25-28).  Hartford Fire counterclaimed and crossclaimed against Aspen Way for a declaratory judgment that it does not owe a duty to defend or indemnify Aspen Way in the underlying actions.  (Doc. 18 at 26-27). Aspen Way then made crossclaims against Hartford Fire for bad faith and breach of contract.  (Doc. 19 at 20-22).  In other words: The Plaintiff-Insurers and Hartford Fire seek declaratory judgments that their policies do not provide coverage for Aspen Way in the underlying actions, and Aspen Way contends that the Plaintiff-Insurers and Hartford Fire breached their insurance agreements with Aspen Way and have acted in bad faith.

Hartford Casualty now seeks to intervene as a plaintiff because it issued an insurance policy to Aspen Way that is implicated in the underlying actions.  In its Proposed Complaint in Intervention, Hartford Casualty seeks a declaratory

---

[1] For a more complete factual background, see this Court's recent order denying Aspen Way's Motion to Dismiss.

judgment that its policy does not cover Aspen Way in the underlying actions. (Doc. 39-1 at 15-16).

Hartford Fire and Hartford Casualty are citizens of Connecticut. Hartford Fire is concerned that Hartford Casualty's addition as a plaintiff would destroy complete diversity among the parties and rob this Court of subject matter jurisdiction. To avoid losing diversity, Hartford Fire filed its Motion for Realignment wherein Hartford Fire seeks to be realigned as a plaintiff, leaving Aspen Way as the sole defendant.

## II. Motion for Realignment

"A complaint's alignment of the parties is not binding on the courts." *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1157 (9th Cir. 2012) (internal quotation omitted). In *City of Indianapolis v. Chase Nat. Bank of City of New York,* , the Supreme Court set out the governing principles regarding realignment:

> To sustain diversity jurisdiction there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute.

314 U.S. 63, 69 (1941) (internal citations and quotations omitted).  This paragraph

spawned a circuit split regarding the proper realignment test.  Charles Alan Wright

et al., *Federal Practice and Procedure*, vol. 13E, § 3607, 335 (3d ed., West 2009).

The majority of the circuits, including the Ninth Circuit, use the "principal

purpose" or "primary matter" test.[2]  *Id.*; *see Angst v. Royal Maccabees Life Ins.*

*Co.*, 77 F.3d 701, 704 (3d Cir. 1996); *U.S. Fid. and Guar. Co. v. A & S Mfg. Co.,*

*Inc.*, 48 F.3d 131, 133 (4th Cir. 1995); *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir.

2010); *U.S. Fid. and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th

Cir. 1992); *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867,

873 (9th Cir. 2000); and *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d

1310, 1314 (11th Cir. 2012).  The competing "collision of interests" or "substantial

conflict" test is used in the Second and Seventh Circuits.  *Maryland Cas. Co. v.*

*W.R. Grace and Co.*, 23 F.3d 617, 622 (2d Cir. 1994); and *Am. Motorists Ins. Co.*

*v. Trane Co.*, 657 F.2d 146, 151 (7th Cir. 1981).  *See also Wolf v. Kennelly*, 574

F.3d 406, 413 (7th Cir. 2009) (acknowledging that *Am. Motorists*

"is a minority view among the circuits.").

Under the "primary matter" test, courts align parties who have the same

interests regarding "the primary matter in dispute."  *Prudential Real Est. Affiliates*,

204 F.3d at 873 (internal quotation omitted).  "If the interests of a party named as a

---

[2] Courts interchangeably use both terms when describing the test.  This Court will
refer to it as the "primary matter" test.

defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983). A court must realign the parties with regards to the primary issue, even if the parties disagree on less significant issues. *Id.*

The parties agree that the Ninth Circuit has not considered realignment in an insurance declaratory judgment action. However, several circuits that apply the "primary matter" test have considered realignment in that context. For example, in the Fourth Circuit's decision in *A & S Mfg.*, an insured's environmental contamination led to a lawsuit by the Environmental Protection Agency. 48 F.3d at 132. The insured tendered the claim to its three insurers. *Id.* One insurer responded by filing a declaratory judgment action in federal court and named the insured and the other two insurers as defendants. *Id.* Each insurer denied liability under their insurance agreements. *Id.* The insurers also disputed the amount of reimbursement owed to each other in the event the Court found liability to the insured. *Id.* As initially pled, complete diversity existed. *Id.* However, the district court realigned all of the insurers as plaintiffs and the insured as the sole defendant. *Id.* Because one insurer and the insured shared the same citizenship, the realignment destroyed diversity and the district court dismissed the case. *Id.*

6

The Fourth Circuit affirmed.  The Court adopted the "primary matter" test and found that the primary issue was whether the insurers owed a duty to defend and indemnify the insured.  *Id.* at 133-34.  Aligning the insurers as plaintiffs and the insured as the sole defendant was proper because it aligned the parties around the primary dispute.  *Id.* at 134.  The dispute among the insurers was secondary to the primary issue of liability to the insured.  *Id.*  As the insurers shared the central goal of avoiding obligations to the insured, the parties were properly realigned.  *Id.* Notably, the Fourth Circuit found that other circuits that use the "primary matter" test have reached the same result when faced with similar facts.  *Id.* (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088–91 (6th Cir.1992) and *Employers Ins. of Wausau v. Crown Cork and Seal Co.,* 942 F.2d 862, 864–67 (3d Cir.1991)).

Just like the insurers in *A & S Mfg.*, the Plaintiff-Insurers filed a declaratory judgment action against an insured and another insurer.  Also as in *A & S Mfg.*, the Plaintiff-Insurers' principal purpose of this lawsuit is avoiding liability to Aspen Way under their insurance contracts.  Although listed as a defendant in the complaint, Hartford Fire has the same interest in the primary matter at issue as the Plaintiff-Insurers.  The Plaintiff-Insurers and Hartford Fire also share the same interest in defending against Aspen Way's bad faith and breach of contract claims. Since the Plaintiff-Insurers and Hartford Fire share the same interests in the

primary matter at issue in this case, this Court finds that Hartford Fire is properly realigned as a plaintiff.

Aspen Way's attempt to distinguish *A & S Mfg.* is unpersuasive. Aspen Way argues that a key element in *A & S Mfg.* is forum shopping by the insured. This argument fails for two reasons. First, the Fourth Circuit does not mention or imply that forum shopping affected its analysis at any point in the opinion. The Court does not even mention that the insured forum shopped. Second, it was the insured that requested and received the realignment. *A & S Mfg.*, 48 F.3d at 132. The Fourth Circuit clearly was not concerned about forum shopping by the insured if it affirmed the district court.

Aspen Way urges this Court to follow the Seventh Circuit's decision in *Am. Motorists*. Like the instant case and *A & S Mfg.*, in *Am. Motorists* an insurer filed a declaratory judgment action and named the insured and three other insurers as defendants. 657 F.2d at 148. All of the insurers sought a declaratory judgment that they did not owe a duty to defend the insured in an underlying action. *Id.* at 148-49. The Seventh Circuit held that realigning one of the insurers as a plaintiff was improper because a substantial controversy existed among the insurers i.e., burdens and liabilities could shift if one insurer was found not liable. *Id.* at 151.

*Am. Motorists* is not binding or persuasive because it did not apply the "primary matter" test used in the Ninth Circuit. Rather than determining the

8

lawsuit's principal purpose, the Seventh Circuit held that realignment is only proper "when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents." *Id*. at 149. The Court also found that potential burden shifting and competing liabilities created a substantial controversy between the insurers. *Id*. at 149-50. In contrast, under the "primary matter" test, courts align the parties in accordance with the principal purpose of the case, regardless of whether the parties disagree on other issues. *Dolch*, 702 F.2d at 181; *see also Thomas Solvent*, 955 F.2d at 1089 ("despite the fact that there may be actual and substantial ancillary or secondary issues to the primary issue, the parties should be aligned in accordance with the primary issue in an action."). Therefore, if the "primary matter" test was applied in *Am. Motorists* instead of the "substantial controversy" test, the realignment likely would have been proper. For the same reason the Second Circuit's decision in *Maryland Cas. Co.* is not persuasive.

Here, the principal purpose of the suit is to determine whether the Plaintiff-Insurers and Hartford Fire must insure Aspen Way in the underlying actions. The Plaintiff-Insurers' and Hartford Fire's interests coincide in avoiding liability to Aspen Way. Any disagreements that may later arise between the Plaintiff-Insurers and Hartford Fire are secondary to this primary purpose. Accordingly, the Court holds that Hartford Fire is properly realigned as a plaintiff.

9

**III. Motion to Intervene**

Hartford Casualty's Motion to Intervene is unopposed.[3]   In addition, both

Fed. R. Civ. P. 24(a) and (b) support the intervention.  The Court grants Hartford

Casualty's motion.

**IV. Conclusion**

For the reasons stated above, IT IS HEREBY ORDERED:

1. Hartford Fire's Motion for Realignment (Doc. 41) is GRANTED.

2. Hartford Casualty's Motion to Intervene (Doc. 39) is GRANTED.


DATED this 2nd day of December 2014.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge

---

[3] The Plaintiff-Insurers would have objected if the Court denied the Motion for
Realignment.