

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
DEC 0 4 2015
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, an Indiana corporation; AMERICAN STATES INSURANCE COMPANY, an Indiana corporation; and GENERAL INSURANCE COMPANY OF AMERICA, a New Hampshire corporation, | CV 14-09-BLG-SPW |
| Plaintiffs, | OPINION and ORDER |
| vs. | |
| ASPEN WAY ENTERPRISES, INC., d/b/a Aaron's Sales and Leasing, a Montana corporation; and HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, | |
| Defendants. | |
| HARTFORD FIRE INSURANCE COMPANY, | |
| Counterclaimant and Crossclaim Plaintiff, | |
| vs. | |
| AMERICAN ECONOMY INSURANCE COMPANY; AMERICAN STATES INSURANCE COMPANY; GENERAL INSURANCE COMPANY OF AMERICAN; and ASPEN WAY ENTERPRISES, INC., | |
| Counterclaim and Crossclaim Defendants. | |

1

| | |
|---|---|
| ASPEN WAY ENTERPRISES, INC., d/b/a Aaron's Sales and Leasing, | |
| Cross-Claimant, | |
| vs. | |
| HARTFORD FIRE INSURANCE COMPANY, | |
| Cross-Defendant. | |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Intervenor-Plaintiff, | |
| vs. | |
| AMERICAN ECONOMY INSURANCE COMPANY; AMERICAN STATES INSURANCE COMPANY; GENERAL INSURANCE COMPANY OF AMERICAN; and ASPEN WAY ENTERPRISES, INC., | |
| Defendants to Intervenor Complaint. | |

Before the Court are motions for reimbursement of defense costs filed by two groups of parties: (1) American Economy Insurance Company, American States Insurance Company, and General Insurance Company of America (collectively "Liberty Mutual"); and (2) Hartford Fire Insurance Company and

Hartford Casualty Insurance Company (collectively "Hartford"). Liberty Mutual and Hartford filed these motions after this Court determined that they do not owe Aspen Way Enterprises, Inc. ("Aspen Way") a duty to defend in two underlying proceedings. For the reasons set forth below, this Court grants the motions.

## I. Background

The Court will only set forth enough facts to put this Order in context. For a more complete background, see this Court's two Opinions and Orders dated September 29, 2015, that granted summary judgment to Liberty Mutual and Hartford. (Docs. 88 and 89).

Aspen Way was sued in two underlying proceedings known as the Byrd Action and the Washington Action. The Byrd Action began in May 2011. On June 22, 2011, Liberty Mutual accepted Aspen Way's defense of the Byrd Action under a reservation of rights. Liberty Mutual reserved the right to file a declaratory judgment action. Liberty Mutual also included the following paragraph in its reservation of rights letter:

> Please be additionally advised that [Liberty Mutual] reserves its rights and does not waive any right to later seek reimbursement from [Aspen Way] for indemnity payment and defense costs, including attorneys' fees and expert witness fees incurred and paid on behalf of [Aspen Way] should it be determined that the allegations of this lawsuit are precluded from coverage. The defense afforded by [Liberty Mutual] is with specific understanding that [Liberty Mutual] has reserved the right to obtain reimbursement of such indemnity payments (including contribution to settlement or satisfaction of

> judgment) and defense expenses (including attorneys' fees, cost, claims expenses, and other sums) from [Aspen Way].

(Doc. 62-30 at 8-9).

On August 9, 2011, Hartford drafted a similar letter to Aspen Way which accepted the defense of the Byrd Action under a reservation of rights. Relevant here, Hartford's letter provided:

> No act of the Hartford…shall be construed as waiving any right of the company to…file a declaratory judgment action, seek reimbursement of monies paid for defense costs or take such other action it deems appropriate under the applicable insurance policy at issue.

(Doc. 96-3 at 6).

The Washington Action began on October of 2013. On December 17, 2013, Liberty Mutual accepted the defense of the Washington Action under a reservation of rights. Liberty Mutual also specifically noted that it could later seek reimbursement for attorney fees incurred in the defense of the Washington Action. (Doc. 96-2 at 10). Hartford did not agree to defend the Washington Action. Liberty Mutual initiated this declaratory judgment action on January 22, 2014.

On February 4, 2015, Aspen Way settled the Washington Action in exchange for, among other things, a $150,000 payment to the State of Washington. Liberty Mutual agreed to pay the $150,000, but reserved the right to recoup the settlement payment from Aspen Way upon a declaration of non-coverage.

On March 27, 2014, Aspen Way wrote a letter in response to Liberty Mutual's reservation of rights letter sent on June 22, 2011. Aspen Way stated that it accepted Liberty Mutual's offer of a defense in the Byrd Action, but it objected to the possibility of reimbursement for defense costs. (Doc. 96-4). By the time Aspen Way drafted its objection to Liberty Mutual's reservation of rights letter, the Byrd Action had been ongoing for almost three years. Hartford represents that it did not receive a letter from Aspen Way that objected to its reservation of rights, and Aspen Way does not submit such a letter to Hartford. There is also no evidence that Aspen Way objected to Liberty Mutual's reservation of rights in regards to the Washington Action.

On September 25, 2015, this Court found that Liberty Mutual and Hartford do not owe a duty to defend or indemnify Aspen Way in the Byrd Action, and they did not owe a duty to defend or indemnify Aspen Way in the Washington Action. Liberty Mutual and Hartford now request that this Court order Aspen Way to reimburse them for defense costs already expended. Specifically, Liberty Mutual seeks a total of $360,606.55 expended in the Washington and Byrd Actions. This includes the $150,000 settlement payment to the State of Washington. Hartford seeks a total of $51,205.66 expended in the Byrd Action. Liberty Mutual and Hartford also request an opportunity to update their requested amounts through October 31, 2015, which was when they planned on withdrawing their defense in

the Byrd Action. Aspen Way does not dispute that Liberty Mutual and Hartford have expended those amounts, but challenges their right to recover those costs.

## II. Analysis

If an insurer disputes whether it has a duty to defend an insured in an underlying action, Montana law encourages the insurer to defend under a reservations of rights and file a declaratory judgment action to determine coverage. *See Pac. Hide & Fur Depot v. Great Am. Ins. Co.*, 23 F. Supp. 3d 1208, 1211 (D. Mont. 2014) ("[I]t is mystifying that an insurer would continue to deny a defense to its insured in the face of a coverage question, particularly where the consequences are clear under Montana law, and can result in a judgment many times greater than the modest cost of the usual defense"). If a court declares that there is no coverage, Montana law permits the insurer to "recover the expenses that the insurer incurred in defending a claim outside of the insured's policy coverage in the declaratory judgment action." *Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429, 434 (Mont. 2013). An insurer may recover defense costs if two elements are met: (1) The insurer timely and explicitly reserved the right to recoup costs; and (2) the insurer provide adequate notice to the insured of the possibility of reimbursement. *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 479-80 (Mont. 2005). Such a reservation of rights is "enforceable where an insurer

6

meets these conditions even absent an express agreement by the insured." *Id.* at 480.

The Court finds that Liberty Mutual and Hartford have met the requirements to recoup the defense costs expended in the Byrd and Washington Actions. First, Liberty Mutual and Hartford "timely and explicitly" reserved the right to recoup the costs. *Ribi*, 108 P.3d at 480. Second, the reservation of rights letters provided adequate notice of the possibility of reimbursement. *Id.* Liberty Mutual and Hartford clearly noted that they could seek the recoupment of defense costs if they prevailed in a declaratory judgment action.

Aspen Way does not argue that the two-part *Ribi* test is not met. Instead, Aspen Way contends that its objection to the Liberty Mutual's reservation of rights letter distinguishes *Ribi* and *Horace Mann*. The Court is not persuaded. Aspen Way did not object to Liberty Mutual's reservation of rights until nearly three years into the litigation. The Court finds that Aspen Way cannot receive the benefit of a defense paid for by Liberty Mutual, only to belatedly object and change the terms upon which the defense was offered.

State courts are divided on how and whether insurers can recoup defense costs expended in an underlying action after a declaration of non-coverage. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1091 (10th Cir. 2010). A majority of jurisdictions allow reimbursement of defense costs.

*Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 265 (6th Cir. 2010). Of the jurisdictions that follow the majority approach, two theories support an insurer's right to reimbursement. *Blue Cross of Idaho Health Serv., Inc. v. Atl. Mut. Ins. Co.*, 734 F. Supp. 2d 1107, 1112 (D. Idaho 2010). First, California has applied the principle of unjust enrichment and found that the insured would receive an unjust windfall if the insurer could not seek reimbursement. *Buss v. Superior Court*, 939 P.2d 766, 776-77 (Cal. 1997). The second theory is that the reservation of rights letter creates an implied contract that the insured accepts when it accepts the defense. *United Nat. Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914, 921 (6th Cir. 2002).

The Montana Supreme Court did not expressly state which theory it relied upon in *Ribi* or *Horace Mann*. However, Aspen Way would not succeed on either theory. Under the theory of unjust enrichment, Aspen Way has received the benefit of representation on claims that were not covered by the policies and for which it did not pay premiums. *Buss*, 939 P.2d at 776-77. Aspen Way's objection does not change the fact that Aspen Way would be unjustly enriched by forcing Liberty Mutual to bear unbargained-for defense costs. *Id.* at 777.

Under the implied contract theory, Aspen Way accepted Liberty Mutual's reservation of rights letter by not objecting to it until nearly three years later. Under Montana law, a "party is not allowed to take the benefit of a contract and

then later repudiate its existence." *Conner v. City of Dillon*, 270 P.3d 75, 78 (Mont. 2012); *see also* Mont. Code Ann. § 28-2-503(2) ("A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known or ought to be known to the person accepting"). Even applying the implied contract theory, Aspen Way cannot repudiate the implied contract after receiving its benefits for nearly three years.

Aspen Way also argues that this Court should not follow *Ribi* because it "primarily relied" on *Grinnell Mut. Reinsurance Co. v. Shierk*, 996 F. Supp. 836 (S.D. Ill. 1998), and *Grinell*'s reasoning was later rejected. *Grinnell* was decided by a federal court applying Illinois law. *Id.* at 837. At the time, Illinois law was unclear as to whether an insurer is entitled to reimbursement of defense costs. *Id.* at 838-39. After examining persuasive authority, the federal court predicted that the Illinois Supreme Court would allow such reimbursement. *Id.* at 839. In *Ribi*, which was decided in 2005, the Montana Supreme Court favorably cited *Grinnell*'s reasoning. *Ribi*, 108 P.3d at 479-80. However, the federal court's prediction in *Grinnell* proved incorrect. The Illinois Supreme Court rejected *Grinnell* in 2005 and adopted the minority view that an insurer may not recover defense costs absent an express agreement. *Gen. Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1104 (Ill. 2005).

Aspen Way's argument that the evolution of Illinois law compels this Court's rejection of established Montana law fails for at least three reasons. First, this Court's duty is "to ascertain and apply the existing [Montana] law, not to predict that [Montana] may change its law and then to apply the federal court's notion of what that change might or ought to be." *Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346 (9th Cir. 1974). This Court cannot ignore *Ribi* based on the chance that the Montana Supreme Court may overrule itself at a later date. Second, *Ribi* did not exclusively rely on *Grinnell*. *Ribi* equally relied upon the Sixth Circuit's prediction of Ohio law. *SST Fitness*, 309 F.3d at 917; *see Ribi*, 108 P.3d at 480. Third, the Montana Supreme Court had an opportunity to modify *Ribi* and adopt Illinois law when it decided *Horace Mann* in 2013. Instead, the Montana Supreme Court reaffirmed *Ribi*. *Horace Mann*, 312 P.3d at 435. Since *Ribi* remains binding law in Montana, this Court is obliged to follow it.

Finally, Aspen Way argues that there has not been a final determination that no coverage exists under the policies and Liberty Mutual and Hartford are still required to defend in the Byrd Action. The Court disagrees. This Court has declared that Liberty Mutual and Hartford do not owe a duty to defend in the Byrd Action. Liberty Mutual and Hartford have followed the approach prescribed by Montana law. *Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 386 (Mont. 2004). As there has been a judicial finding that the claims in the Byrd Action fall

outside of the policies' coverages, Liberty Mutual and Hartford may withdraw their defense.

**III. Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Liberty Mutual's Motion for Reimbursement of Defense and Indemnity Costs in Light of this Court's Declaration of Non-Coverage (Doc. 90) is GRANTED.

2. Hartford's Motion for Reimbursement of Defense Costs (Doc. 92) is GRANTED.

3. Liberty Mutual and Hartford have 14 days from the date of this Order to submit their costs expended through October 31, 2015.

DATED this 4th day of December, 2015.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge